**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-00884-EWN-BNB

MARICELA CARBAJAL

Plaintiff

v.

LINCOLN BENEFIT LIFE COMPANY, a Nebraska company,

Defendant

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

**WHEREAS**, discovery sought by the parties in the above-entitled action may involve production of documents and things containing confidential information and witnesses whose testimony may concern matters that are of a confidential nature;

**WHEREAS**, the parties Maricela Carbajal and Lincoln Benefit Life Company, through their respective undersigned counsel, have agreed to entry of this Stipulated Protective Order Regarding Confidential Information (the "Protective Order");

**NOW, THEREFORE,** by stipulation and agreement of the parties, and with the express consent of counsel for plaintiff and counsel for defendant, as indicated below, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

## DESIGNATION OF CONFIDENTIAL INFORMATION

1.      Any party hereto shall have the right to designate as "CONFIDENTIAL" any information, whether it be a document, information contained in a document, testimony given at a deposition, hearing or trial, information revealed in an interrogatory answer, tangible things or other information and materials produced or supplied by that party in this action, that they in good faith reasonably believe constitutes confidential information **subject to protection from disclosure pursuant to Fed. R. Civ. P. 26(c)(7) or otherwise pursuant to law**. "CONFIDENTIAL" Information as used in this Protective Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information or materials produced or obtained in this action by or through any means and by or through any person or entity.  The "CONFIDENTIAL" Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such "CONFIDENTIAL" Information shall also be deemed "CONFIDENTIAL" Information.

## USE OF CONFIDENTIAL INFORMATION

2.      "CONFIDENTIAL" information shall not be used by the receiving party for any purpose other than in connection with this litigation.

## MARKING OF DOCUMENTS

3.      The designation as to documents or other tangible things shall be made by placing on each page of the document or in a prominent place on each tangible thing which the designating party wishes to designate as confidential the word "CONFIDENTIAL."  Where documents are so voluminous or the nature of tangible things is such that production is provided

litigation\526703_1.doc

by allowing access for inspection as opposed to the delivery of copies, then all such items being inspected shall be automatically considered "CONFIDENTIAL" until such time as copies of such documents or samples of such things are transmitted to the receiving party with no "CONFIDENTIAL" designation appearing thereon. In lieu of marking the originals of documents, the designating party may mark the copies that are produced or exchanged.

       4.      Testimony given at any deposition ~~, hearing or trial~~ may be designated as "CONFIDENTIAL" by indicating on the record at the deposition ~~, hearing or trial~~ that the testimony is "CONFIDENTIAL" and subject to the provisions of this Order. A party may alternatively designate testimony given at a deposition as "CONFIDENTIAL" by so notifying all parties in writing, within twenty days of first receipt of the transcript; until 20 days after receipt of the transcript the entire transcript shall be treated as "CONFIDENTIAL" unless confidentiality is previously waived on the record, and upon and after receipt of such notice the designated information shall be treated as "CONFIDENTIAL" pursuant to this Order. It shall be the responsibility of the designating party to contact the court reporter to ensure that the transcript is appropriately bound with respect to the confidential and non-confidential portions of the transcript.

**EXCLUSION OF UNAUTHORIZED PERSONS**

~~5.     Any party shall have the right to exclude from depositions and to request the Court to exclude from hearings or trial (in addition to those otherwise excludable under the Federal Rules of Civil Procedure and any applicable local rule) members of the public and any other persons not permitted to have access to "CONFIDENTIAL" information as provided for herein.~~

**ACCESS TO CONFIDENTIAL INFORMATION**

6.     Any receiving party shall protect material designated "CONFIDENTIAL" by not disclosing or making copies of such designated material available to anyone except the following persons unless they shall receive permission by court order or by specific prior written consent from the designating party:

   a)     Access to materials designated "CONFIDENTIAL" may be made available to counsel of record and counsel's regular employees.

   b)     Material designated "CONFIDENTIAL" may also be made available to experts or consultants and their employees engaged by the named parties or counsel to assist in the preparation of the lawsuit only after such persons have read and signed Exhibit A attached hereto. If any such expert or consultant is the subject of disclosure under Fed. R. Civ. P. 26(a)(2), each such signed Exhibit A relating to such expert or consultant and their employees shall be served on all parties hereto at the time such disclosure under Fed. R. Civ. P. 26(a)(2) is required. For any other experts or consultants and their employees to whom CONFIDENTIAL

litigation\526703_1.doc

MATERIAL has been made available, each such signed Exhibit A shall be served on all parties hereto when there has been a final disposition of this litigation, including all appeals.

      c)      Access to materials designated "CONFIDENTIAL" may also be made available to Court personnel, including stenographic reporters engaged in proceedings incident to the preparation for trial and/or trial of this action, including deposition reporters and their transcribers.

      d)      Material designated "CONFIDENTIAL" may also be made available to representatives, officers, directors, or employees of a party to assist counsel in the conduct and preparation of this litigation for trial only after such person has read and signed Exhibit A attached hereto and after each such signed Exhibit A has been served on all parties hereto.

      e)      Material designated "CONFIDENTIAL" may also be made available to potential witnesses in this action only after such person has read and signed Exhibit A attached hereto and at least five days after all parties hereto have received copies of each such signed Exhibit A, provided, however, that the parties will restrict the disclosure of CONFIDENTIAL material to such persons who they reasonably believe in good faith are necessary to assist them in the pursuit of their claims or defenses in this action.

      f)      Material designated "CONFIDENTIAL" may also be made available to persons whose depositions have been noticed in this action or who have been scheduled to testify at any hearing or trial in this action after such person has read and signed Exhibit A, attached hereto, and after each such signed Exhibit A has been served on all parties hereto.

7. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the material as "CONFIDENTIAL" specifically consents in advance in writing to such disclosure, or if the Court, after notice to all parties, allows such disclosure.

8. This Protective Order has no effect upon, and its scope shall not extend to, any producing party's use of its own "CONFIDENTIAL" material.

9. Any material that was possessed by a receiving party prior to its disclosure by the producing party, or which comes within the possession of the receiving party through lawful means other than solely by disclosure from the producing party, need not be treated as "CONFIDENTIAL" material by the receiving party under the terms of this Protective Order.

10. The parties shall have until two weeks after this Protective Order is executed to designate as "CONFIDENTIAL" any material previously produced by them in discovery herein, and any material so designated within such period shall be treated hereunder as if it had been designated "CONFIDENTIAL" at the time of its production.

11. The provisions of this Protective Order shall not apply to any documents or information obtained from public sources by, or publicly available to, any party otherwise than by virtue of discovery herein, whether or not such documents or information are designated "CONFIDENTIAL."

## COURT CONTROL OF DOCUMENTS

12. Written material constituting or revealing "CONFIDENTIAL" Information shall be filed under seal in a manner consistent with this Court's Local Rules, ~~and such material shall be treated as sealed by this Court pursuant to D.C. COLO. LCivR 7.2(A)(1)~~. The use and treatment of "CONFIDENTIAL" Information at any court hearing or trial shall be subject to future order of this Court. ~~The Clerk of the Court is directed to maintain under seal and in camera all materials filed with the Court including, inter alia, pleadings, transcripts of depositions, exhibits, briefs and memoranda, which comprise or contain material designated "CONFIDENTIAL" or information taken there from.~~

## DESIGNATION DISPUTES

13. ~~In the event that a receiving party disagrees with any "CONFIDENTIAL" designation, the parties will try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief, and the party seeking relief shall have the burden of proving the necessity for such relief, except that the burden of proving confidentiality shall rest with the designating party. No party to this action shall be obligated to challenge the propriety of any "CONFIDENTIAL" designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation, unless, prior to the challenge, the challenging party has breached one or more obligations of this Protective Order in connection with the information whose status it seeks to challenge.~~

**A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the**

**parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."**

## NO ADMISSION

14.     Nothing herein shall be construed as an agreement or admission: (a) that any material designated as "CONFIDENTIAL" by a producing party is in fact confidential or a trade secret, or (b) with respect to the competency, relevance or materiality of any information, document or the like.

## POST-LITIGATION DISPOSITION OF DOCUMENTS

15.     Within 45 days after the final disposition of this litigation, including all appeals, all material designated hereunder and all copies thereof shall be (i) returned to the counsel for the designating party who produced the documents, or (ii) destroyed with written confirmation of such destruction to be served on all parties hereto within such time.  Notwithstanding the foregoing, one designated outside counsel of record for each party may retain pursuant to the terms of this Protective Order one complete set of court papers, transcripts, correspondence, and attorney work product that includes "CONFIDENTIAL" material or information.

## ADVICE TO PARTIES

16.     Nothing in this Protective Order shall bar or otherwise restrict any counsel for a party from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of materials designated "CONFIDENTIAL" provided that no disclosure of the substance of any such material shall be made except as permitted herein.

## SUBPOENA OF CONFIDENTIAL INFORMATION

17.     Nothing contained in this Protective Order, nor any action taken in compliance

with it, shall be deemed or construed to require any receiving party to contest any subpoena for any document subject to the provisions of this Protective Order issued or served by any person, entity, or organization, or any state or federal court, law enforcement or regulatory agency, or any employee thereof. In the event a receiving party is served with a subpoena for any "CONFIDENTIAL" material, prompt written notice of such subpoena will be provided to the designating party of such "CONFIDENTIAL" material. That designating party shall have the sole responsibility for contesting any such subpoena for any "CONFIDENTIAL" material subject to the provisions of this Protective Order served upon a receiving party, or for taking whatever measures are necessary and appropriate to protect the designating party's interests in the confidentiality of such material. The receiving party may comply with any such subpoena which has not been quashed. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall be deemed or construed to preclude a receiving party so served from contesting the subpoena, or from taking whatever measures it deems necessary and appropriate to protect its interests in the confidentiality of such material.

## **PRIVILEGED MATTERS**

18. ~~In the event that a document that the producing party claims to be privileged has been inadvertently produced, the producing party may thereafter notify the receiving parties that it asserts a claim of privilege as to the document, and requests its return. In such event, (i) if a receiving party does not challenge such claim of privilege by motion filed within 30 days, all copies of such document shall be returned promptly to the producing party, albeit the receiving party retains all rights, if any, to thereafter challenge the assertion of privilege and seek a court order requiring disclosure of such document, and (ii) if the receiving party does challenge such~~

litigation\526703_1.doc

~~claim of privilege by motion filed within 30 days, the receiving party may retain the document pending a ruling by the court on the issue of privilege, provided that (x) such retention shall be without prejudice to the claim of privilege and (y) pending such ruling such document shall not be used in discovery proceedings, filed with the Court or used in trial, without leave of Court; if the Court rules the document is privileged, it shall then promptly be returned to the producing party. In the event such a challenge is made, the inadvertent production of the document shall not be deemed a waiver of the privilege.~~

## **OTHER MATTERS**

19.     This order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" nor the failure to make such designation. shall constitute evidence with respect to any issue in this action.

20.     Documents produced by any party prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if such protective Order had been entered by the Court as of the date such documents were produced.

21.     This Order shall remain in full force and effect throughout this action and until modified, superseded or terminated by Order of the Court or by written agreement of the parties. At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Protective Order.  The parties acknowledge that this Order may require modification to adapt to the Court's requirements for the conduct of trials.

Dated October 24, 2006.

                    BY THE COURT:

                    s/ Boyd N. Boland
                    United States Magistrate Judge

litigation\526703_1.doc

STIPULATED TO BY:

KIEL, TRUEAX & GOLD, L.L.C.

*Original signature on file at offices*
*of Kiel, Trueax & Gold, L.L.C.*

By:*s/ Gregory Gold*
          Gregory Gold
7375 E. Orchard Road, Suite 300
Greenwood Village, CO 80111
(303) 694-2666
(303) 694-2573 (FAX)
*Attorneys for Maricela Carbajal*


SILVERMAN & OLIVAS, ESQ.

*Original signature on file at offices*
*Of Silverman & Olivas*

By:*s/ David Olivas*
          David Olivas
1675 Larimer Street, #680
Denver, CO 80202
(303) 595-0529
(303) 893-3389 (FAX
*Attorneys for Maricela Carbajal*


SHERMAN & HOWARD L.L.C.

*Original signature on file at offices*
*of Sherman & Howard L.L.C.*

By:  s/ Leanne B. De Vos
          Leanne B. De Vos
633 17th Street, Suite 3000
Denver, CO 80202
(303) 299-8418
(303) 298-0940 (FAX)
Attorneys for Defendant Lincoln Benefit Life Company

litigation\526703_1.doc

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00884-EWN-BNB

MARICELA CARBAJAL

Plaintiff

v.

LINCOLN BENEFIT LIFE COMPANY, a Nebraska company,

Defendant

## CONFIDENTIALITY AGREEMENT

I hereby certify my understanding that material designated as "CONFIDENTIAL" is being provided to me pursuant to the terms and restrictions of the STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION, entered _____, 2006, in the above-captioned civil action, that I have been given a copy of and have read that Order, and that I am familiar with all of its terms and restrictions, and particularly paragraphs 2, 3, 4, 6 and 15 thereof. I agree to use any "CONFIDENTIAL" material disclosed to me pursuant to that Order solely for purposes of this litigation, and I further agree not to disclose any such material to any person, firm, or concern except as permitted under the Order without the advance express written consent of the supplying party to this litigation or after further express Order of the Court.

Date:_____   Signed:_____

litigation\526703_1.doc