IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00884-EWN-BNB

MARICELA CARBAJAL,

Plaintiff,

v.

LINCOLN BENEFIT LIFE COMPANY, a Nebraska company,

Defendant.
_____

**ORDER**
_____

This matter is before me on the following:

(1) **Unopposed Motion of Lincoln Benefit Life Company to Extend Dispositive Motion Deadline Pending Exhumation Results** [Doc. # 74, filed 1/10/2007] (the "First Motion to Extend"); and

(2) **Joint Motion to Amend Scheduling Order** [Doc. # 84, filed 1/26/2007] (the "Second Motion to Extend").

By these motions, the parties seek an indefinite enlargement of time, to "90 days following th issuance of the Special Discovery Master's report after exhumation," within which to complete discovery. Because the parties have failed to establish good cause to amend the scheduling order and for an indefinite extension of the discovery period, the First and Second Motions to Extend are DENIED.

On May 17, 2006, the district judge entered a General Case Management Order and Order of Reference to United States Magistrate Judge [Doc. # 2] (the "Order of Reference"), setting a

dispositive motion deadline of January 11, 2007. The order of reference imposes the following limitation on my authority to extend the dispositive motion deadline:

> The magistrate judge designated below may modify this deadline for any particular motion or for all such motions if the modification results in *shortening* the deadline. ***The deadline shall not be extended*** except by my order, entered only upon (1) written motion demonstrating "good cause" for an extension (*see* Fed. R. Civ. P. 16(b)) and (2) the assigned magistrate judge's written recommendation setting forth the reasons for believing there is "good cause" for the extension and proposing that the motion be granted.

Order of Reference at p.2. In addition, the district judge has directed that the dispositive motion deadline should follow or be co-extensive the close of discovery.

In denying the Motions to Extend, I have applied the good cause standard as defined in the Advisory Committee Notes to Rule 16, Fed. R. Civ. P., which is:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend. I also considered the explanation of good cause set out in Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997):

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

Applying this standard to the facts of this case leads me to conclude that good cause does not exist justifying the requested extension. In reaching my conclusion, I note that the parties seek to extend the close of discovery to an indefinite date after a proposed exhumation. *Second Motion to Extend* at ¶11. It appears that the parties expected the exhumation to be completed by May 1, 2007, *Second Motion to Extend* at ¶ 15, but I am informed that it has not occurred, nor is there any certainty as to when the exhumation will occur if at all.

I recognize that the plaintiff was allowed to amend her complaint three days before the close of discovery. In view of this, I will consider a reasonable extension of the discovery cut-off to allow discovery concerning matters added to the case as a result of the amendment. Any such extension must be to a date certain.

IT IS ORDERED that the First and Second Motions to Extend are DENIED.

Dated July 2, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge