IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–00884–EWN–BNB

MARICELA CARBAJAL,

      Plaintiff,

v.

LINCOLN BENEFIT LIFE COMPANY,
a Nebraska company,

      Defendant.

---

## ORDER AND MEMORANDUM OF DECISION

---

     This case pertains to a bad faith breach of an insurance contract. Plaintiff Maricela Carbajal alleges that Defendant Lincoln Benefit Life Company has breached its life insurance contract with her, and done so in bad faith, by failing to pay benefits after the death of her husband, Miguel Carbajal. This matter comes before the court on Plaintiff's "Motion for Partial Summary Judgment," filed November 9, 2006. Jurisdiction is premised upon diversity of citizenship, pursuant to 18 U.S.C.A. § 1332 (West 2007.)

## FACTS

### 1.    *Factual Background*

In 1998, Miguel Carbajal purchased from Defendant a life insurance policy contemplating $100,000 in coverage (the "Policy").  (Pl.'s Second Am. Compl. ¶ 10 [filed Jan. 18, 2007] [hereinafter "Second Am. Compl."].)  From October 2002 through December 2002, Mr. Carbajal applied for an additional $1.9 million in life insurance coverage from various other providers. (Lincoln Benefit Life Co.'s Resp. in Opp'n to Pl.'s Mot. for Partial Summ. J., Statement of Additional Material Disputed Facts ¶ 1 [filed Dec. 22, 2006] [hereinafter "Def.'s Resp."]; *admitted at* Pl. Maricela Carbajal's [sic] Reply to Def. Lincoln Benefit Life Co.'s Resp. in Opp'n to Pl.'s Mot. for Partial Summ. J., Reply to Lincoln Benefit's Statement of Additional Material Facts ¶ 1 [filed Apr. 2, 2007] [hereinafter "Pl.'s Reply"].)  On October 25, 2002, Mr. Carbajal applied to Defendant to convert the Policy from $100,000 of coverage to $500,000.  (Second Am. Compl. ¶ 10; *see also* Def.'s Resp., Introduction.)  On December 26, 2002, Defendant re-issued the Policy to contemplate $500,000 of coverage in the event of Mr. Carbajal's death, with Plaintiff as the primary beneficiary.  (Second Am. Compl. ¶¶ 10, 13; *see also* Def.'s Resp., Introduction.)  Under the Policy, in the event of Mr. Carbajal's death, Plaintiff would receive $500,000 in benefits once Defendant "received due proof of death."  (Mot. for Partial Summ. J., Statement of Undisputed Material Facts ¶ 2 [filed Nov. 9, 2006] [hereinafter "Pl.'s Br."]; *admitted at* Def.'s Resp., Resp. to Pl.'s Statement of Undisputed Material Facts ¶ 2.)  Defendant defined "due proof of death" as: "(1) a certified original copy of the death certificate; or (2) a certified copy of a decree of a court of competent jurisdiction as to the finding of death; or (3) a

written statement by a medical doctor who attended the deceased at the time of death; or (4) any

other proof satisfactory to [Defendant]." (*Id.*, Ex. 2 at 7 [Policy].)

On July 8, 2003, Plaintiff, Mr. Carbajal, and their children traveled to Mexico. (*Id.*,

Statement of Undisputed Material Facts ¶ 3; *admitted in relevant part at* Def.'s Resp., Resp. to

Pl.'s Statement of Undisputed Material Facts ¶ 3.) Plaintiff maintains that on July 15, 2003, Mr.

Carbajal suffered a heart attack and expired. (Second Am. Compl. ¶¶ 3, 13.) In support of this

contention, Plaintiff points to: (1) a receipt for the purchase of a coffin from a funeral home;

(2) photographs taken of Mr. Carbajal lying in a coffin; and (3) statements by two of her children

that they saw Mr. Carbajal after his death. (Pl.'s Br., Statement of Undisputed Material Facts ¶¶

4–9, Ex. 8 [Victoria Carbajal Aff.], Ex. 9 [Receipt], Ex. 10 [Photographs], Ex. 11 [Alexandra

Carbajal Aff.].) Additionally, Plaintiff cites a death certificate, which states that Mr. Carbajal

expired at 112 Luis Moya Street in Ocotlán, Jalisco, Mexico. (*Id.*, Statement of Undisputed

Material Facts ¶¶ 4–5; *admitted in relevant part at* Def.'s Resp., Resp. to Pl.'s Statement of

Undisputed Material Facts ¶¶ 4–5; *see also id.*, Ex. 7 [*Certificado de Defunción*].)

Because Mr. Carbajal's death allegedly occurred in a foreign county and within the contestable

period of the $400,000 increase in coverage under the Policy, Defendant initiated an investigation.

(Def.'s Resp., Statement of Additional Material Disputed Facts ¶ 4; *admitted at* Pl.'s Reply, Reply

to Lincoln Benefit's Statement of Additional Material Facts ¶ 4.) Defendant underscores a

number of findings from its investigation, ostensibly opining said findings to be inconsistencies in

or causes for suspicion of Plaintiff's story. These findings include that: (1)  neither an autopsy nor

a toxicological exam was performed on Mr. Carbajal's body; (2) in addition to a coffin for burial,

Plaintiff obtained a cremation permit and signed a receipt for cremated remains; (3) Plaintiff has

expressed confusion over the date of Mr. Carbajal's burial; and (4) Plaintiff admits her cousin told

her Mr. Carbajal has been seen alive in Mexico after his purported death.  (*Id.*, Statement of

Additional Material Disputed Facts ¶¶ 16, 18–19, 33, 41; *admitted at* Pl.'s Reply, Reply to

Lincoln Benefit's Statement of Additional Material Facts ¶¶ 16, 18–19, 33, 41.)  Further,

Defendant indirectly contests the receipt, photographs, statements, and death certificate provided

by Plaintiff and emphasizes that the municipal government of Ocotlán issued a death certificate

reflecting a different place of death: 158 Moctezuma Street.  (*Id.*, Resp. to Pl.'s Statement of

Undisputed Material Facts ¶¶ 4–9, Ex. C [*Acta de Defunción*].)

**2.       *Procedural History***

       On May 11, 2006, Plaintiff filed a complaint in this court alleging claims for breach of

contract and bad faith in the form of Defendant's failure to pay life insurance benefits.  (Compl.

and Jury Demand [filed May 11, 2006].)  On June 15, 2006, Defendant answered the complaint

and filed a counterclaim against Plaintiff seeking a judicial declaration that: (1) its denial of

benefits was proper; and (2) Defendant would owe Plaintiff no benefits and could rescind the

Policy contract if evidence were to be found establishing that Mr. Carbajal did not die on July 15,

2003.  (Answer and Countercl. of Def. Lincoln Benefit Life Co. [filed June 15, 2006].)

       On November 9, 2006, Plaintiff filed a motion for partial summary judgment.  (Pl.'s Br.)

Plaintiff argues she is entitled to summary judgment because there is no genuine dispute as to

whether her husband is deceased.  (*Id.*)  On December 22, 2006, Defendant responded to

Plaintiff's motion.  (Def.'s Resp.)  On January 18, 2007, Plaintiff filed an initial reply in support of

her motion.  (Pl. Maricela Carabajal's [sic] Reply to Def. Lincoln Benefit Life Co.'s Resp. in

Opp'n to Pl.'s Mot. for Partial Summ. J. [filed Jan. 18, 2007].)  On April 2, 2007, Plaintiff

amended her reply to comply with this court's civil practice standards.  (Pl.'s Reply; *see also*

Order [filed Mar. 23, 2007].)

       On December 7, 2006, in the midst of summary judgment briefings and without seeking

leave of the court, Plaintiff filed her first amended complaint, which essentially comprised her

initial complaint, an additional thirty paragraphs of factual allegations, and a claim for exemplary

damages.  (Am. Compl. and Jury Demand [filed Dec. 7, 2006].)  On December 11, 2006, the

court struck Plaintiff's amended complaint based on her failure to seek leave to amend, in keeping

with Federal Rule of Civil Procedure 15.  (Order [filed Dec. 11, 2006].)  On December 14, 2006,

Plaintiff filed a motion seeking leave of the court to amend her complaint.  (Mot. to Am. Pl.'s

Compl. and Jury Demand to Add a Claim of Punitive Damages [filed Dec. 14, 2006].)  On

January 3, 2007, Defendant responded to Plaintiff's motion.  (Lincoln Benefit Life Co.'s Resp. in

Opp'n to Mot. to Am. Pl.'s Compl. and Jury Demand to Add a Claim of Punitive Damages [filed

Jan. 3, 2007].)  On January 9, 2007, the court granted Plaintiff's motion.  (Order [filed Jan. 9,

2007].)  On January 18, 2007, Plaintiff filed her second amended complaint.  (Second Am.

Compl.)  On January 29, 2007, Defendant answered Plaintiff's complaint and filed a counterclaim.

(Answer of Def. Lincoln Benefit Life Co. to Pl.'s Second Am. Compl. and Jury Demand, and

Countercl. [filed Jan. 29, 2007].)  On February 8, 2007, Plaintiff filed an answer to Defendant's

counterclaim.  (Pl.'s Answer to Def.'s Claim for Declaratory Relief [filed Feb. 8, 2007].)

## ANALYSIS

*1.     Legal Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant

summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)

(2007); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc.*

*v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the

initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the

burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material

matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving

party may not rest solely on the allegations in the pleadings, but must instead designate "specific

facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P.

56(e) (2007). A fact in dispute is "material" if it might affect the outcome of the suit under the

governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury

to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir.

1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when

ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d

1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed

in the light most favorable to the party opposing summary judgment.  *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

**2.      *Evaluation of Claims***

Plaintiff argues that (1) she is entitled to "summary judgment on the issue of [her husband's] death;" and (2) "the contractual benefits due and owing should be granted."  (Pl.'s Br. at 1.)  Plaintiff's motion evinces a lamentable misunderstanding of the concept of summary judgment and must be denied.  First, the motion is directed at Plaintiff's initial complaint and is, therefore, moot.  A pleading that has been amended under Federal Rule of Civil Procedure 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified.  *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990).  In the instant case, there can be no question that Plaintiff's January 18, 2007 amended complaint — filed two months after her motion for summary judgment — supersedes her May 11, 2006 initial complaint.  Therefore, Plaintiff's motion for summary judgment on her claims is moot because it is directed at a pleading that is no longer operative.

Further, even if the motion were properly filed, it fails in form.  In her two-page briefing of her arguments, Plaintiff makes no reference whatsoever to the record.  (Pl.'s Br. at 4–5.) Plaintiff's unsubstantiated statements cannot possibly suffice to satisfy her burden to prove that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" in the case.  Fed. R. Civ. P. 56(c) (2007); *see Anderson*, 477 U.S. at 248–50 (1986).

Finally, even if the motion were proper in form, it fails in substance.  Plaintiff's only

argument is that she has established as a matter of fact that her husband is deceased.  (*See* Pl.'s

Br. at 1–6.)  Plaintiff makes no reference to her claims for breach or bad faith, much less the

elements thereof or record evidence to establish said elements.  (*See id.*)  Instead, she argues

"[t]he essential question is: [w]hether there is a genuine disputed issue of material fact as to the

death of Miguel Carbajal."  (Pl.'s Reply at 1.)  Plaintiff fails to clarify what rule of procedure

would allow for summary judgment on this limited issue, and the court fails to find one.  In short,

Plaintiff may not piecemeal her claims, for "[a] party is not entitled to partial summary judgment if

the judgment would not be dispositive of the claim."  *Wichita v. U.S. Gypsum Co.*, 828 F. Supp.

851, 869 (D. Kan. 1993), *overruled on other grounds by* 72 F.3d 1491 (10th Cir. 1996).

Moreover, merely styling a motion as one for partial summary judgment cannot cure the inherent

defect in seeking judgment on a portion of a claim.  *Capitol Records, Inc. v. Progress Record

Distributing, Inc.*, 106 F.R.D. 25, 28 (N.D. Ill. 1985); *see also Wichita*, 828 F. Supp. at 869

("Partial summary judgment may not be invoked to dispose of only part of a claim.").

Indeed, courts have expressly found motions seeking to resolve only one issue relevant to

a plaintiff's claims to be entirely inappropriate under any provision of Rule 56.[1]  *See Kendall*

---

[1]As a matter of course, no provision under Federal Rule 56 provides for summary
judgment on a portion of a claim.  Rules 56(a) and 56(b) permit partial summary judgment in the
form of a judgment on a single claim in a multiple-claim action.  *See* Fed. R. Civ. P. 56(a)–(b)
(2007); *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976).  Rule 56(c) allows that
summary judgment may lie in a case on the issue of liability where only damages are at issue, but
does not authorize a motion to establish certain facts or issues as true.  *See* Fed. R. Civ. P. 56(c)
(2007).  Rule 56(d) provides for "an order specifying the facts that appear without substantial
controversy," but, like Rule 56(c) before it, does not authorize an independent motion to establish

*McGaw Labs., Inc. v. Cmty. Mem'l Hosp.*, 125 F.R.D. 420, 421 (D. N.J. 1989) (describing as

"well settled" the principles that summary judgment could be had as to one claim among many,

but not as to one portion of a claim); *Capitol Records*, 106 F.R.D. at 28 (deeming a motion

seeking summary judgment "as to less than a single claim" to be improper).  This court follows

suit.  Plaintiff's motion for summary judgment on the issue of whether her husband is deceased is

denied.

       Based on the foregoing it is therefore ORDERED that:

1.      Plaintiff's motion (# 40) is DENIED.

2.      The court will hold a Final Pretrial Conference commencing at 3:45 o'clock p.m. on

August 31, 2007, in Courtroom A201 of the Alfred A. Arraj United States Courthouse,

901 19th Street, Denver, Colorado.  In preparing for and participating in the conference,

the parties and counsel will (1) follow the Instructions for Preparation and Submission of

Final Pretrial Order, a copy of which can be downloaded from the court's web site,

specifically http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord_ins.pdf and (2) utilize

the specific template located at http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord.wpd

These specific web addresses should be used to insure that the proper format is observed.

---

certain facts as true.  *See* Fed. R. Civ. P. 56(d) (2007); *Roberts v. Chesapeake Operating, Inc.*,
426 F. Supp. 2d 1203, 1210 (D. Kan. 2006).  As should be entirely evident, none of these rules
can salvage Plaintiff's motion in the instant case.

Dated this 31st day of July, 2007

BY THE COURT:


<u>s/ Edward W. Nottingham</u>
EDWARD W. NOTTINGHAM
Chief United States District Judge