IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00884-EWN-KLM

MARICELA CARBAJAL,

      Plaintiff(s),

v.

LINCOLN BENEFIT LIFE COMPANY,

      Defendant(s).

_____

**ORDER**

_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

      This matter is before the Court on:

      (1) **Defendant's Motion for Magistrate Judge's Reconsideration of July 2, 2007 Order** [Docket No. 112; filed July 17, 2007] ("Motion for Reconsideration");

      (2) **Defendant's Unopposed Motion for Extension of Time to File Objections to the Magistrate Judge's Order Dated July 2, 2007** [Docket No. 110; filed July 16, 2007];

      (3) **Plaintiff's Renewed Motion to Compel** [Docket No. 134; filed October 9, 2007] ("Renewed Motion to Compel").

      This case pertains to Plaintiff's claim for bad faith breach of an insurance contract. Plaintiff Maricela Carbajal alleges that Defendant Lincoln Benefit Life Company breached

1

its life insurance contract with her, and did so in bad faith, by failing to pay benefits after the death of her husband, Miguel Carbajal.

## I.      Procedural Background

On July 2, 2007, Magistrate Judge Boland entered an Order granting in part and denying in part Plaintiff's Motion to Compel Defendant to produce documents in response to three separate requests for production of documents [Docket No. 107].  In his Order, Magistrate Judge Boland found that the privilege log originally created by Defendant was inadequate to establish the existence of the attorney-client privilege, work product immunity and joint defense privilege.  As a result, Magistrate Judge Boland held that Defendant had waived these privileges with respect to all documents not included by Defendant on its original privilege log.  Magistrate Judge Boland further ordered Defendant to produce "all documents in its possession, custody and control responsive to [Plaintiff's] Production Requests No. 14, 16 and 17, including documents numbered LBL 000234; 00700 [sic]; 000942; and 000946 on the defendant's privilege log, but excluding all other documents specified on that log."

On July 16, 2007, Defendant filed an Unopposed Motion for Extension of Time to File Objections to the Magistrate Judge's Order Dated July 2, 2007 [Docket No. 110].  On July 17, 2007,  Defendant filed a Motion for Magistrate Judge's Reconsideration of July 2, 2007 Order [Docket No. 112] and Defendant's Objections to Magistrate Judge Boland's Order granting in part Plaintiff's Motion to Compel [Docket No. 114].  On July 27, 2007, Defendant filed its Supplemental Privilege Log in Support of Its Motion for Reconsideration

[Docket No. 116].

This case was randomly reassigned to me on August 2, 2007 [Docket No. 120].  On September 19, 2007, I held a hearing on Defendant's Motion for Reconsideration.  At the conclusion of the hearing, I ordered Defendant to submit a revised supplemental privilege log on or before September 26, 2007 identifying the individuals listed on the log such that I could determine the applicability of the asserted privileges [Docket No. 131].  I further allowed the Plaintiff to renew her Motion to Compel on or before October 3, 2007 [Docket No. 131].  Consistent with my Order, on September 26, 2007, Defendant filed its Second Supplemental Privilege Log [Docket No. 132].  Plaintiff then filed a motion for an extension of time to submit her Renewed Motion to Compel, which I granted [Docket No. 133 and Docket No. 137].  Plaintiff's Renewed Motion to Compel was accepted as timely filed on October 12, 2007 [Docket No. 134 and Docket No. 137].

## II.    Discussion

A party subject to an adverse judgment who seeks reconsideration of that judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  If a motion is served within ten days of the judgment, the motion usually falls under Rule 59(e).  *Id.*  Defendant filed its motion to reconsider on July 17, 2007, ten business days after the Court's July 2, 2007 decision.  *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays).  Therefore, the Court considers the

3

motion to reconsider pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243.

It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  Therefore, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*  Moreover, a motion to reconsider is not to be used as a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Defendant requests that the Court reconsider its July 2, 2007 Order on the grounds that Defendant believed its privilege log was sufficient, that Plaintiff never asserted that Defendant's privilege log was inadequate, and that similar privilege logs have been found sufficient in this jurisdiction. *Defendant's Motion to Reconsider*, p. 2.  Defendant further argues that waiver of privilege is a "severe sanction not warranted by the facts of this case." *Id.*  Defendant states that Plaintiff's original motion to compel [Docket No. 51] did not object to "the adequacy of the privilege log or argue[] that the information provided on the privilege log was insufficient in any way." *Id.* at 3-4.  As such, Defendant did not address the adequacy of the privilege log in its Response [Docket No. 66] or in its Motion to Strike and Response in Opposition to Plaintiff's Supplement to Motion to Compel [Docket No. 99].  Moreover, Defendant claims that it did not provide a supplemental

4

privilege log, as it was never on notice that one was needed. Defendant contends that it learned for the first time that there was an issue as to the adequacy of its privilege log at the hearing held before Magistrate Judge Boland on January 8, 2007. *Defendant's Motion to Reconsider*, p. 4. Further, at that hearing, Defendant offered to supplement the privilege log, which offer Magistrate Judge Boland declined. *Id.*

In her Response, Plaintiff does not dispute that she did not object to the adequacy of the privilege log in her original motion to compel, but argues that the law of privilege itself should have put Defendant on notice that its log was inadequate. *Response to Motion to Reconsider*, p. 2. In her Renewed Motion to Compel, Plaintiff argues that she remains entitled to the production of the documents contained in the privilege log. She contends that Defendant has failed to show evidence of a joint defense agreement, that Defendant has waived any claim of privilege by disclosing communications to third parties, and that Defendant has failed to make a timely showing regarding the existence and applicability of privilege. *Plaintiff's Renewed Motion to Compel*, p. 2, 5-6.

## A.    Adequacy of the Second Supplemental Privilege Log

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). Further, the attorney-client privilege "is so sacred and compellingly important that the courts must, within their limits, guard it jealously." *Klitzman, Klitzman and Gallagher v. Krut*, 744 F.2d 955, 960 (3rd Cir. 1984) (citations omitted). Fed. Rule Civ. P. 26(5)(A) requires that a party who claims privilege as a basis for withholding otherwise discoverable

information must "describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." In his Order, Magistrate Judge Boland held that "[a]t a minimum, the privilege log must identify the author or origin of the document; any documents or materials attached to the  document; all recipients of the document, including addressees and persons or entities receiving copies; the date of origin of the document; and a description of the contents of the document in sufficient detail as to reveal why it is subject to the asserted privilege." *Order*, p. 5-6.   Since its original privilege log, Defendant has submitted two substantially revised privilege logs.  The second supplemental privilege log provided by Defendant contains, *inter alia*, an alphabetical list of the names contained in the log and a 124-page list including dates,  authors, recipients, parties copied, types of documents, contents of documents and the type of privilege asserted for each document listed [Docket No. 132; filed September 26, 2007].  I find that the second supplemental privilege log submitted by the Defendant complies with the requirements of Fed. R. Civ. P. 26(5)(A) and the requirements as set out by Magistrate Judge Boland in his July 2, 2007 Order.  The second supplemental privilege log establishes the applicability of the attorney-client privilege and/or attorney work product immunity to the documents identified therein. It further establishes the existence of the joint defense privilege, as specified below.

### B.    Existence of a Joint Defense Agreement

In Plaintiff's Renewed Motion to Compel, she argues that Defendant fails to show

the existence of a joint defense agreement.  It is clear that "[t]o invoke the joint defense privilege, in addition to showing each of the elements necessary to establish the attorney-client privilege or work-product immunity, a party also must establish that the withheld information (1) arose in the course of a joint defense effort and (2) was designed to further that effort."  *In re Grand Jury Proceedings*, 156 F.3d 1038, 1043 (10th Cir. 1998) (citations omitted).  Application of the joint defense privilege does not require that those to whom privileged information is disclosed must be parties to the same litigation.  *Duplan Corp. v. Deering Milliken, Inc.*, 397 F.Supp. 1146, 1172 (D.S.C. 1974).  Instead, the parties to a joint defense agreement must only have "a common interest about a legal matter."  *United States v. Schwimmer*, 892 F.2d 237, 243 (2nd Cir. 1989).  The joint defense privilege is self-executing and applies where the parties have shown "an expressed intent to cooperate . . . ."  *Country Life Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 2005 WL 3690565, *7 (C.D.Ill. 2005); *Keller v. Blinder*, 140 B.R. 790, 795 (D.Colo. 1992).  Finally, waiver of the joint defense privilege requires the consent of all parties to the joint defense.  *Metro Wastewater Reclamation Dist. v. Continental Casualty Co.*, 142 F.R.D. 471, 478 (D.Colo. 1992) (citations omitted).

In support of its argument that a joint defense agreement exists, Defendant has submitted affidavits from Leanne B. De Vos, lead litigation counsel for Lincoln Benefit Life Company, Arthur B. Karstaedt, lead litigation counsel for American Family Life Insurance, and Franklin D. Patterson, counsel for State Farm Fire & Casualty.  *Second Supplemental Privilege Log*, Ex. D.  A review of these affidavits establishes that the insurance

7

companies realized their common interest in the Carbajal disputes in or around December of 2003.  *Id.* at 3, 10.  During that period of time the insurance companies sent written requests to each other for the exchange of information relating to Plaintiff.  *Id.*  After the initial exchange of information and records, it appears that the defendant insurance companies began to communicate more intensively regarding Plaintiff.  Ms. De Vos was authorized to communicate with counsel for Farmers New World for "joint defense purposes" as of September 2004.  *Id.* at 3.  In November 2004, Ms. De Vos states that she discussed the impending litigation with counsel for State Farm, and at that time, they "agreed that such communications were protected by the joint defense privilege."  *Id.* at 4.  Ms. De Vos then states that a joint defense agreement was drafted and circulated on March 24, 2005 among counsel for Jackson National, American Family, Farmers/New World and Lincoln Benefit, although ultimately it was not signed.  *Id.* at 4-5.  Further, the defendant insurance companies engaged in joint discovery and took a joint deposition of Plaintiff.  *Id.* at 6, 12.  Plaintiff argues that the deposition of Cheryl Knight, a claims representative designated by American Family Insurance Company as its Fed. R. Civ. P. 30(b)(6) witness, proves that there was no joint defense agreement.  *Renewed Motion to Compel*, p. 4-5.  In her deposition, Ms. Knight stated that she was unaware of any discussions about a joint defense agreement.  *Id.* at 4.  However, Defendant points out that Ms. Knight "was never made aware of the circulation of a written joint defense agreement, with good reason, since that occurred among counsel for the respective insurance companies."  *Lincoln Benefit Life Company's Response to Plaintiff's Renewed Motion to*

*Compel* ("Defendant's Response") [Docket No. 138; filed October 29. 2007].  Ms. Knight's unawareness of discussions about a joint defense agreement does not establish that no such agreement existed.

Accordingly, I find that the affidavits provided by Defendant show that the insurance companies involved in Plaintiff's claims had "a common interest about a legal matter." *Schwimmer*, 892 F.2d at 243.  They began expressing an "intent to cooperate" in litigation as early as December of 2003.  *Country Life Ins. Co.*, 2005 WL 3690565 at *7; *Keller*, 140 B.R. at 795.  Moreover, the oldest document listed in the privilege log was created on September 21, 2004, long after the defendant insurance companies had engaged in the exchange of documents and information involving Plaintiff's claims.  *Second Supplemental Privilege Log*, Ex. C, p. 2.  Accordingly, I find that the information withheld from Plaintiff and identified on Defendant's Second Supplemental Privilege Log is protected by the joint defense privilege, as it "(1) arose in the course of a joint defense effort and (2) was designed to further that effort."  *In re Grand Jury Proceedings*, 156 F.3d at 1043.  As there is no evidence that all parties to the joint defense privilege have waived it, I find that the privilege applies and the documents are protected.  *Metro Wastewater Reclamation Dist.*, 142 F.R.D. at 478.

### C.    Waiver of Privileges

Plaintiff renews her argument that Defendant has waived any claims of privileges regarding the documents that Plaintiff seeks.  Plaintiff states the established proposition that the attorney-client privilege is waived when the information is disclosed to third

parties.  *United States v. Ryan*, 903 F.2d 731, 741 (10th Cir. 1990).   Plaintiff argues,

without support, that there are "numerous . . . entries on the Defendant's privilege log"

where third parties were present, or involved in the communications, thus destroying any

claims of privilege.   *Renewed Motion to Compel*, p. 6.   This Court has reviewed the

Second Supplemental Privilege Log provided by Defendant and the Alphabetical List of

Names within the Privilege Log.   *Second Supplemental Privilege Log*, Ex. B & C.   The log

reveals that the communications sought to be protected took place between counsel for

defendant insurance companies and/or in-house representatives of the insurance

companies.   There is no evidence that third parties were present.   These communications

are protected by the attorney-client privilege as well as the joint defense privilege, as

previously established.   This court declines to find a waiver of either privilege.

### D.    Timeliness of Privileges Asserted

Plaintiff argues that Defendant has "failed to make a timely showing regarding the

existence and applicability of privileges in this case."   *Renewed Motion to Compel*, p. 6.

In Magistrate Judge Boland's July 2, 2007 Order, he found that Defendant had failed to

make a timely showing of the adequacy of the privileges asserted in the privilege log, and

that the privileges were defeated as the showing had not been made "when the trial court

was called upon to make its ruling . . . ." [Docket No. 107, p. 8].   However, as previously

discussed, Defendant was not aware that the adequacy of its privilege log was at issue

until the actual day of the hearing.   Indeed, Plaintiff's original Motion to Compel [Docket

No. 51], is directed, in large part, at Defendant's alleged bad faith regarding its efforts to

10

exhume the body of Miguel Carbajal.  Plaintiff did not point to the insufficiency of the privilege log as the justification to compel production of the requested documents. Moreover, Defendant timely asserted that privileges applied to the requested documents, only to later learn that its assertion was considered inadequate.  I find Plaintiff's argument that Defendant waived the attorney-client and joint defense privileges due to untimeliness unconvincing in these circumstances.

## III.    Conclusion

A motion to reconsider is not to be used as a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. (citing *Van Skiver*, 952 F.2d at 1243).  However, neither of the parties disputes that the issue of the adequacy of the privilege log was not addressed until the hearing on January 8, 2007.  Neither Plaintiff nor Defendant had previously briefed or discussed the adequacy issue until the January hearing.  Considering that grounds for a motion to reconsider include "the need to correct clear error or prevent manifest injustice," *Servants of Paraclete v. Does*, 204 F.3d at 1012, this Court finds that it would constitute manifest injustice to hold that Defendant waived its attorney-client, work product and joint defense privileges due to an inadequate original privilege log, when the adequacy of the original log was not asserted or addressed by either party.  Given the unusual procedural history of the dispute regarding Defendant's privilege log, I do not consider Defendant's Motion to Reconsider "a vehicle to revisit issues already addressed or advance arguments that could have been raised in prior briefing."    *Servants of*

11

*Paraclete*, 204 F.3d at 1012.  In the circumstances present here, holding that Defendant waived applicable privileges and therefore must produce hundreds of otherwise privileged documents would be manifestly unjust.

Accordingly, Defendant's Motion for Magistrate Judge's Reconsideration of July 2, 2007 Order [Docket No. 112; filed July 17, 2007] is **GRANTED.**  Magistrate Judge Boland's Order date July 2, 2007, insofar as it granted Plaintiff's Motion to Compel only [Docket No. 107; filed July 2, 2007] is **VACATED.**  Plaintiff's Renewed Motion to Compel [Docket No. 134; filed October 9, 2007] is **DENIED.**

It is further **ORDERED** that Defendant's Unopposed Motion for Extension of Time to File Objections to the Magistrate Judge's Order Dated July 2, 2007 [Docket No. 110; filed July 17, 2007] is **DENIED AS MOOT.**

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:  November 13, 2007